Christopher P. Carrington (admitted *pro hac vice*)
chris@richardscarrington.com
**RICHARDS CARRINGTON, LLC**
1700 Lincoln Street, Suite 3400
Denver, Colorado 80203
Telephone: (303) 962-2690
Facsimile: (303) 962-2691

Stephen D. Weisskopf (State Bar No. 213596)
sweisskopf@levatolaw.com
**LEVATO LAW, LLP**
2909 Century Park East, Suite 2910
Los Angeles, California 90067
Telephone: (310) 734-2026
Facsimile: (310) 421-4180

Attorneys for Plaintiff LEHMAN
BROTHERS HOLDINGS INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC.<br><br>Plaintiff,<br><br>vs.<br><br>GUS CAFCALAS (aka Constantine Cafcalas), SARAH GROSSMAN, YOO JOO LEE, HELEN CHOI, SAL SI PUEDES DE ESTA, SA DE CV, and MAZ CALL, SA DE CV<br><br>Defendants. | CASE NO. 2:16-cv-03167-JAK (PJWx)<br><br>**TENTH JOINT STATUS REPORT** |

1

Pursuant to this Court's October 23, 2017 *Order Continuing Stay and Setting Date for an Updated Joint Status Report* [Doc. 69], plaintiff Lehman Brothers Holdings Inc. and defendants Yoo Joo Lee and Helen Choi, through their respective counsel, hereby advise the Court as follows:

1.     On October 11, 2017, District Court Judge John A. Kronstadt issued an (In Chambers) Order Accepting Report and Recommendation of Magistrate Judge (Dkt. 421) in the related matter entitled *Lehman Brothers Holdings Inc. v. PMC Bancorp*, Case No. CV 10-7207-JAK (PJWx).  Judge Kronstadt awarded fees and costs to Lehman which are immediately due and payable.

2.     Pursuant to the Stipulation for Temporary Stay of Litigation (Dkt. 43), Lehman and Defendants Lee and Choi agreed that this matter shall be resumed should PMC Bancorp fail to pay Lehman's fees and costs within three weeks of the award (*i.e.* on or before November 1, 2017).

3.     PMC Bancorp failed to pay Lehman's fees and costs by November 1, 2017.

4.     Therefore, Lehman requests that the stay be lifted and placed on the Court's active docket and that the Court issue an Order Setting Rule 26(f)/16(b) Scheduling Conference.

5.     Lehman further requests that the Court set a hearing on its Motion for Default Judgment against defendants Gus Cafcalas (aka Constantine Cafcalas), Sarah Grossman, Sal Si Puedes de Esta, SA de CV, and Maz Call, SA de CV.

6.     In response to Defendants' position below, Lehman states as follows:

- Defendants assert that the question of the fraudulent conveyance is "best suited" for the initial action.  But Defendants ignore (1) that in order to address the Lehman's fraudulent conveyance claims and the requested relief, the Court must have jurisdiction over the transferees and the properties; (2) that the instant action asserts new claims beyond those raised in the initial action – claims pursuant to the

2

voidable transactions act; and (3) that if the Defendants believed this action should be dismissed for reasons of judicial economy or otherwise, such request should be presented in the form of a motion, not in the context of a status report.  Notably, the Defendants did not file a motion to dismiss in this action.   Further, the Defendants previously agreed to stay the action [Dkt. # 43] simply to permit PMC time to pay the fee award.  The Defendants did not raise, at that time, any concern about judicial economy.

- The Court has already conducted a fulsome analysis of whether Lehman timely filed its fee motion [Dkt. # 421 at pp. 3-6], after which the Court rejected the argument Defendants set out below.

**DEFENDANTS' RESPONSE/POSITION TO THE COURTS IN CHAMBERS ORDER DIRECTING THE PARTIES THE PARTIES TO STATE THEIR RESPECTIVE VIEWS AS TO WHETHER THE STAY SHOULD BE LIFED**

7.     Defendant Lee and Choi believe that the stay in this current action should not be lifted, since it would be a waste of judicial resources and lead to inconsistent adjudications.

8.     Plaintiff admits that it received payment made for the benefit of PMC Bancorp in the amount of the judgment on August 26, 2016, with said judgment amount supporting the claims against all Defendants for fraudulent transfer in this instant action.  Thus, the balance of the case has been resolved, excluding the issue of attorney's fees and costs.

9.     The issue of attorneys' is best suited for the *Lehman Brothers Holdings Inc. v. PMC Bancorp,* Case No. CV 10-7207-JAK (PJWx) court to decide.

10.     A stay in the instant action will increase efficiency and avoid danger of inconsistent adjudications.

11.     The only remaining issue is that of attorneys' fees.  Under Code of

3

Civil Procedure sections 685.040 and 685.080, a judgment creditor must bring a motion to claim costs in the original action, prior to full satisfaction.  In this case, Defendant are informed and believe that Plaintiff made its motion after full payment for the benefit of PMC.

12.   The timeliness of Plaintiff's request for attorneys' fees and costs and or all related issues should be determined solely by the court presiding over the PMC Bancorp action.  For these reasons, Defendants Lee and Choi request the court continue the stay in the current action.

Dated:  November 2, 2017

By:  /s/ *Christopher P. Carrington*
   Christopher P. Carrington
   (*pro hac vice*)
   *Attorneys for Plaintiff Lehman*
   *Brothers Holdings Inc.*

By:  /s/ *Stephen D. Weisskopf*
   Stephen D. Weisskopf
   *Attorneys for Plaintiff Lehman*
   *Brothers Holdings Inc.*

By:  /s/ *Daniel M. Park*
   Daniel M. Park
   *Attorneys for Defendants Helen*
   *Choi and Yoo Joo Lee*

4

**PROOF OF SERVICE**

1

2        I am co-counsel in this matter and am over the age of eighteen years, and not a party to the within action.  My business address is: Richards Carrington, LLC, 1700 Lincoln Street, Suite

3   3400, Denver, Colorado 80203. On November 2, 2017, I served the document(s) as follows:

4   X **BY ELECTRONIC SERVICE:** I caused such document(s) to be electronically filed in accordance with the electronic filing procedures of this Court; service has been effected upon the

5   parties, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

6

7   X **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of Colorado at Denver, addressed as set

8   forth in the service list below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S.

9   Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal

10  cancellation date or postage meter date is more than one day after the date of deposit for mailing

11  in affidavit.

12  Gus Cafcalas (aka Constantine Cafcalas)
    P.O. Box 4130
13  Diamond Bar, California 91765-0130

14
    Sarah Grossman
15  1522 Longview Drive
    Diamond Bar, California 91765
16
    Sal Si Puedes De Esta, SA de CV
17  c/o Sarah Grossman
    1522 Longview Drive
18  Diamond Bar, California 91765

19
    Maz Call, SA de CV
20  c/o Sarah Grossman
    1522 Longview Drive
21  Diamond Bar, California 91765

22
         I declare under penalty of perjury under the laws of the State of California that the above
23  is true and correct.

24       Executed on November 2, 2017 at Denver, Colorado.

25

26                                    /s/ *Christopher P. Carrington*
                                      Christopher P. Carrington
27

28

**TENTH JOINT STATUS REPORT**