UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-03167 JAK (PJWx) | Date | February 27, 2018 |
| Title | Lehman Brothers Holdings Inc. v. Gus Cafcalas, et al, | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. 77)**

**I.     Introduction**

Lehman Brothers Holdings Inc. ("Plaintiff") brought this action on May 9, 2016, against the following defendants: Gus Cafcalas (also known as Constantine Cafcalas) ("Cafcalas"), Sarah Grossman ("Grossman"), Yoo Joo Lee ("Lee"), Helen Choi ("Choi"), Sal Si Puedes De Esta, SA de CV ("Sal Si Puedes"), and Maz Call, SA de CV ("Maz Call") (collectively, "Defendants"). Dkt. 1. The Complaint (Dkt. 1) advances two causes of action: (i) violation of the Uniform Voidable Transactions Act ("UVTA"), Cal. Civ. Code §§ 3439 *et seq.*; and (ii) common law fraudulent conveyances. *Id.* ¶¶ 71-89. The action arises out of the alleged fraudulent transfer of five residential real properties in an alleged attempt by Defendants to avoid the payment of a judgment entered against an entity that they control and in favor of Plaintiff. That judgment was entered in a related action, Case No. 2:10-cv-07207-JAK-PJW ("7207 Action"). *Id.* ¶¶ 1, 33-70.

On July 15, 2016, Choi and Lee answered the Complaint. Dkt. 27. However, Cafcalas, Grossman, Sal Si Puedes and Maz Call each failed to file any timely response. Fed. R. Civ. P. 12(a)(1)(A)(i). Following an application by Plaintiff, on August 2, 2016, the Clerk entered the default of each non-responding Defendant. Dkts. 35, 36.

Plaintiff filed a Motion for Default Judgment on December 13, 2017 ("Motion"). Dkt. 77. A hearing on the Motion was conducted on February 12, 2018. Dkt. 81. For the reasons stated in this Order, the Motion is **GRANTED**.[1]

---

[1] On February 23, 2018, Plaintiff filed a Motion for Leave to Amend the Complaint. Dkt. 82. The proposed amended complaint seeks to add claims based on allegations as to different claimed financial obligations that certain Defendants have to Plaintiff. *See id.* at 4. Plaintiff also states that, in seeking leave to file the amended complaint, it does not withdraw or otherwise waive its request for the relief sought by the present Motion. *See* Dkt. 82-1 at 1 n.1. The Motion for Leave to Amend will be addressed in a separate order after the associated briefing is complete. Any issues related to the significance or effect of the Motion for Leave to Amend, if any, on the relief granted through the present Motion, will be addressed in that separate order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-03167 JAK (PJWx) | Date | February 27, 2018 |
|---|---|---|---|
| Title | Lehman Brothers Holdings Inc. v. Gus Cafcalas, et al, | | |

**II.     Allegations in the Complaint**

      A.     The Parties

Cafcalas is an individual residing in Los Angeles, California. *See* Compl., Dkt. 1 ¶ 2. It is alleged that he has been employed at PMC Bancorp ("PMC") in various positions. His work allegedly included working with in-house counsel on the oversight and potential resolution of litigation. *Id.* ¶ 21. The Complaint also alleges that Grossman is married to Cafcalas. *Id.* ¶ 4. The Complaint next alleges that Sal Si Puedes and Maz Call are Mexican corporations owned by Cafcalas and/or Grossman. *Id.* ¶¶ 5-6.

      B.     Procedural History: The PMC Judgment

On September 27, 2010, Plaintiff filed the 7207 Action in which PMC Bancorp ("PMC") was named as the defendant. The complaint there asserted breach of contract claims arising out of 11 defective residential mortgage loans that were sold to Plaintiff by PMC or its assignor. Compl., Dkt. 1 ¶ 11. On March 8, 2013, Plaintiff's motion for summary judgment against PMC was granted. Thereafter, a final money judgment of $2,133,635, exclusive of interest and attorney's fees, was entered on March 27, 2013 (the "PMC Judgment"). *Id.* ¶¶ 12-13. Plaintiff then recorded the abstract of judgment on the property rolls of at least four California counties. Consequently, judgment liens were held by Plaintiff as to any of PMC's real property in Los Angeles, San Bernardino, Sacramento and Kern Counties. *Id.* ¶¶ 14-15. Plaintiff alleges that Defendants knew or should have known about the PMC Judgment as well as the related liens. *Id.* ¶¶ 14-15, 67, 74.

On August 26, 2016, Plaintiff received a payment, made for the benefit of PMC, which satisfied the PMC Judgment, including the amount of interest that had accrued as of that date. *See* Stipulation for Temporary Stay of Litigation, Dkt. 43 ¶ 11. Plaintiff, Lee and Choi then stipulated to stay this litigation pending the resolution of Plaintiff's request for an award of attorney's fees and costs in in the 7207 Action. *Id.* ¶ 13. This request was granted and this action was stayed as of September 23, 2016. Dkt. 44.

On October 11, 2017, an order issued in the 7207 Action that accepted the Report and Recommendation of Magistrate Judge Walsh with respect to the award of attorney's fees. That order awarded $866,416.92 in attorney's fees and costs to Plaintiff in connection with the PMC Judgment. *See* 7207 Action, Dkt. 421. The PMC Judgment was then amended to reflect both a credit for the August 26, 2016 payment, and a debit for the $866,416.92 award. *See* 7207 Action, Dkt. 423.

The parties to this action then filed a status report. It stated that, as of November 1, 2017, the $866,416.92 fee award had not been paid by PMC. *See* Dkt. 70 at 2. As a result of that report, the stay in this action was lifted. Dkt. 71. Plaintiff states that the attorney's fee award remains unsatisfied. Dkt. 77 at 7.

      C.     The Allegedly Fraudulent Transfers

The Complaint alleges that, when the PMC Judgment was entered, PMC was the sole owner of the following properties: 12027 Paramount Blvd., Downey, CA ("Downey Property"); 3527 11th Avenue, Los Angeles, CA 90018 ("LA Property"); 2509 Drifts Drive, Bakersfield, CA 93313 ("Bakersfield Property"); 3208 2nd Avenue, Sacramento, CA 95817 ("Sacramento Property"); and 15580 El Molino Street,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-03167 JAK (PJWx) | Date | February 27, 2018 |
|---|---|---|---|
| Title | Lehman Brothers Holdings Inc. v. Gus Cafcalas, et al, | | |

Fontana, CA 92335 ("Fontana Property") (collectively, the "Properties"). Compl., Dkt. 1 ¶ 17, 73, 83. Plaintiff alleges that, in response to the PMC Judgment, Defendants conspired fraudulently to transfer the ownership of the Properties from PMC, with the intent to hinder, delay or defraud PMC's creditors. *Id.* ¶ 75.

The Complaint identifies the following property transfers. *First,* on August 8, 2013, PMC allegedly transferred the Downey Property to Lee without receiving any consideration. *Id.* ¶¶ 35-36. The grant deed for the transfer of the Downey Property was allegedly signed by Cafcalas, on behalf of PMC. *Id.* ¶ 38.

*Second*, on August 21, 2013, PMC allegedly transferred the LA Property to Lee without receiving any consideration. *Id.* ¶¶ 39-40. The grant deed for the transfer of the LA Property was allegedly signed by Cafcalas, on behalf of PMC. *Id.* ¶ 42.

*Third*, on September 13, 2013, PMC transferred the Bakersfield Property to Maz Call without receiving any consideration. *Id.* ¶¶ 43-45. The grant deed for the transfer of the Bakersfield Property from PMC to Maz Call was allegedly signed by Cafcalas, on behalf of PMC. *Id.* ¶ 46. It is also alleged that, on April 13, 2015, the Bakersfield Property was subsequently transferred, from Maz Call to Lee, without any consideration. *Id.* ¶¶ 48-50. The grant deed for the transfer of the Bakersfield Property from Maz Call to Lee was allegedly signed by Grossman, on behalf of Maz Call. *Id.* ¶ 51.

*Fourth*, on October 16, 2013, PMC allegedly transferred the Fontana property to Choi without consideration. *Id.* ¶¶ 62-63. The grant deed for the transfer of the Fontana Property was allegedly signed by Cafcalas, on behalf of PMC. *Id.* ¶ 66.

*Fifth*, on October 28, 2013, PMC allegedly transferred the Sacramento Property to Sal Si Puedes without consideration. *Id.* ¶¶ 53-55. The grant deed for the transfer of the Sacramento Property from PMC to Sal Si Puedes was allegedly signed by Cafcalas, on behalf of PMC. *Id.* ¶ 56. Subsequently, on April 13, 2015, Sal Si Puedes allegedly transferred the Sacramento Property to Lee without consideration. *Id.* ¶¶ 57-59. The grant deed for the transfer of the Sacramento Property from Sal Si Puedes to Lee was allegedly signed by Grossman, on behalf of Sal Si Puedes. *Id.* ¶ 60.

The Complaint alleges that the beneficiaries of these transfers were all PMC insiders. *Id.* ¶ 78. In addition to Cafcalas's role with PMC's in-house counsel, the Complaint alleges that he worked to move all of PMC's business and operations to a new entity, PMAC Lending Services ("PMAC Lending"), in an effort to avoid paying PMC's creditors, including Plaintiff. *Id.* ¶¶ 21-27. Specifically, it is alleged that, in September 2010, PMAC Lending was purchased by William Park ("Park"), through an intermediary company controlled that he controlled -- Park, Alamo Heights Financials, Inc. ("Alamo"). *Id.* ¶ 23. The Complaint alleges that the Properties were either immediately or ultimately transferred to Lee or Choi. *Id.* ¶¶ 35, 39, 48, 57, 62. Lee is the wife of Samuel Kim, who is alleged to be a member of the Alamo board of directors and its chief executive officer. *Id.* ¶¶ 30, 32. Choi is Park's sister-in-law and the wife of James Kim, who was responsible for the incorporation of Alamo. *Id.* ¶¶ 28-29.

The Complaint alleges that PMC had no financial obligations to any of the transferees. *Id.* ¶ 76. It is alleged that Cafcalas initiated the transfer of each of the Properties from PMC. *Id.* ¶ 34. It is further alleged that each of the transferees knew or should have known that PMC was transferring each of the Properties for no consideration. *Id.* ¶ 77. It is also alleged that PMC became insolvent as a result of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-03167 JAK (PJWx) | Date | February 27, 2018 |
|---|---|---|---|
| Title | Lehman Brothers Holdings Inc. v. Gus Cafcalas, et al, | | |

transfers and therefore was unable to satisfy the PMC Judgment. *Id.* ¶ 69-70.

D.  Damages

The prayer for damages in the Complaint is based on the values of the Properties. Thus, the Complaint alleges that the Properties were fraudulently conveyed from PMC in an effort to avoid satisfying the PMC Judgment. The Complaint alleges, based on tax assessor records from April 2016 that the Properties were valued as follows:

- Downey Property: $1,201,536
- LA Property: $331,493
- Bakersfield Property: $176, 456
- Sacramento Property: $263, 453
- Fontana Property: $187,167

*Id.* ¶ 18.

Plaintiff has submitted more recent tax assessor records, which show that, as of July 28, 2016, the Properties were valued as follows:

- Downey Property: $1,219,859
- LA Property: $336,547
- Bakersfield Property: $179,145
- Sacramento Property: $340,108
- Fontana Property: $190,021

*See* Exs. 7-11 to Declaration of Christopher Carrington ("Carrington Decl."), Dkts. 78-7, 78-8, 78-9, 78-10, 78-11.

On the basis of this evidence, and in light of the procedural history of the PMC Judgment, Plaintiff seeks the following awards:

- **Cafcalas**: It is alleged that Cafcalas executed the transfers of all five Properties from PMC, which results in his liability for the full value of the five Properties. *See* Compl., Dkt. 1 ¶¶ 38, 42, 46, 66. However, the combined value of the Properties is $2,160,105. This is greater than the amount still owed on the PMC Judgment. The total still owed is the $866,416,92 attorney's fee award, plus interest through the date of payment. Plaintiff seeks a money judgment against Cafcalas on those terms. *Id.* ¶ 18; Carrington Decl., Dkt. 78 ¶ 8.
- **Grossman**: It is alleged that Grossman executed the subsequent transfers of the Bakersfield Property, from Maz Call, and the Sacramento Property, from Sal Si Puedes. Compl., Dkt. 1 ¶¶ 51, 60. Consequently, the Complaint seeks a money judgment against Grossman of $439,909, which is the sum of the alleged values of the Bakersfield and Sacramento Properties. *Id.* ¶ 18; Carrington Decl., Dkt. 78 ¶ 14.
- **Maz Call**: It is alleged that Maz Call subsequently transferred the Bakersfield Property to Lee. Compl., Dkt. 1 ¶¶ 48, 51. Therefore, the Complaint seeks a money judgment against Maz Call of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-03167 JAK (PJWx) | Date | February 27, 2018 |
|---|---|---|---|
| Title | Lehman Brothers Holdings Inc. v. Gus Cafcalas, et al, | | |

- $176,456. This amount is the value of the Bakersfield Property as alleged in the Complaint. *Id.* ¶ 18; Carrington Decl., Dkt. 78 ¶ 26.
- **Sal Si Puedes**: It is alleged that Sal Si Puedes subsequently transferred the Sacramento Property to Lee. Compl., Dkt. 1 ¶ 57. Therefore, the Complaint seeks a money judgment against Sal Si Puedes of $263,453. This amount is equal to the value of the Sacramento Property as alleged in the Complaint. *Id.* ¶ 18; Carrington Decl., Dkt. 78 ¶ 20.

### III.    Analysis

    A.    Legal Standards

        1.    Procedural Requirements for Entry of Default Judgment

Local Rule 55-1 requires that a party moving for default judgment submit a declaration or include information with respect to the following: (i) when and against which party default has been entered; (ii) the identification of the pleading to which default has been entered; (iii) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (iv) the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521 does not apply; and (v) notice has been provided to the defaulting party, if required by Fed. R. Civ. P. 55(b)(2).

        2.    Substantive Standards for Entry of Default Judgment

Fed. R. Civ. P. 55(b) grants discretion to a trial court with respect to whether a default judgment should be entered. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default does not by itself require granting a motion for a default judgment. *Id.* Rather, the Ninth Circuit has established seven factors that may apply in determining whether a default judgment is appropriate. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). They are as follows: (i) the possibility of prejudice to the plaintiff if the relief is not granted; (ii) the merits of plaintiff's substantive claim; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy favoring decisions on the merits. *Id.*

Once a default has been entered, the factual allegations of the Complaint must be taken as true. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). An exception to this rule applies with respect to allegations of damages. They are not presumed to be true. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Instead, evidence about them may be required and submitted in connection with a motion for the entry of a default judgment.

Fed. R. Civ. P. 54(b) provides, "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Entry of default judgment against fewer than all defendants is discouraged where multiple defendants are jointly liable, *see Frow v. United States*, 82 U.S. (15 Wall) 552 (1872), or where defendants share related defenses, and entering judgment would create the risk of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-03167 JAK (PJWx) | Date | February 27, 2018 |
|---|---|---|---|
| Title | Lehman Brothers Holdings Inc. v. Gus Cafcalas, et al, | | |

inconsistent judgments. *See In re First. T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).

    B.    Application

        1.    Procedural Requirements

Plaintiff has complied with the requirements of Local Rule 55-1. Default was entered against Defendants on August 2, 2016. Dkt. 36. The Motion identified the Complaint as the pleading to which default was entered. None of the Defendants is an infant, incompetent person, or currently in the military. *See* Carrington Decl. ¶¶ 6, 12, 18, 24.

        2.    *Eitel* Factors

An assessment of the *Eitel* factors weighs in favor of the entry of default judgment against Defendants. As noted, all of the facts alleged in the Complaint are deemed true, with the exception of those as to the amount of damages. *TeleVideo*, 826 F.2d at 917-18.

            a)    The Possibility of Prejudice

A plaintiff is prejudiced if, absent the entry of default judgment, he or she would be left without a remedy. *See Philip Morris USA, Inc. v. Castworld Prods, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("Plaintiff would suffer prejudice if the default judgment is not entered because Plaintiff will be without other recourse for recovery."); *PepsiCo. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

Plaintiff has demonstrated that, absent the entry of default judgment, it would be left without a remedy against the defaulting Defendants. Cafcalas, Grossman, Maz Call and Sal Si Puedes have not demonstrated, collectively or individually, any willingness to participate in this litigation, or in any alternative means of resolving this dispute with Plaintiff.

However, it is also significant that Plaintiff does have alternative means through which the prior judgment can be satisfied. The payment to Plaintiff on August 26, 2016 satisfied the outstanding amount of the PMC Judgment, plus interest, as of that date. *See* Dkt. 43 ¶ 11. If PMC were to provide a supplemental payment to Plaintiff in satisfaction of the amended PMC Judgment (*see* 7207 Action, Dkt. 423), the claims here would become moot. *See Nat. Union Fire Ins. Co. of Pittsburgh Pa. v. Garber*, 288 Fed. Appx. 319, 320 (9th Cir. 2008). Other than the fact that PMC has not, to date, satisfied its outstanding judgment debt, Plaintiff has not shown that PMC could not satisfy the PMC Judgment. Further, Lee and Choi are defendants. If a judgment is later entered against one or both of them following a merits determination, they may be able to pay the balance due on the present judgment.

These considerations weigh somewhat against the entry of the requested judgment. They do not, however, demonstrate that, absent this relief, Plaintiff would have a remedy as to the defaulting Defendants. Therefore, this *Eitel* factor weighs slightly in favor of granting the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-03167 JAK (PJWx) | Date | February 27, 2018 |
|---|---|---|---|
| Title | Lehman Brothers Holdings Inc. v. Gus Cafcalas, et al, | | |

        b)       The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors overlap in that each concerns the merits of Plaintiffs' claims. To justify relief under these factors, Plaintiffs must state a claim upon which relief can be granted. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *PepsiCo*, 238 F. Supp. 2d at 1175.

As noted, Plaintiffs have advanced two causes of action. The Complaint sufficiently pleads both claims. Assuming the truth of the allegations, as is required, *see Geddes*, 559 F.2d at 560, Plaintiffs have demonstrated that both claims have merit.

Under the UVTA, a debtor's transfer of property is fraudulent if it was made with "actual intent to hinder, delay, or defraud any creditor of the debtor." *Filip v. Bucurenciu*, 129 Cal. App. 4th 825, 834 (2005) (quoting Cal. Civ. Code § 3439.04(a)(1)). Intent may be inferred "based on consideration of the statute's non-exhaustive list of eleven badges of fraud." *Attebury Grain LLC v. Grayn Co.*, No. 16-55729, No. 16-55746, 2018 WL 416259, at *1 (9th Cir. Jan. 16, 2018). Those include, but are not limited to, "[w]hether the transfer or obligation was to an insider;" "[w]hether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;" "[w]hether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred;" and "[w]hether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred." Cal. Civ. Code § 3439.04(b).

The Complaint sufficiently alleges that Defendants facilitated the fraudulent transfer of each of the five Properties, and that they did so with the actual intent to hinder, delay or defraud PMC's creditors. The Complaint alleges that each of the five Properties was transferred after the PMC Judgment was entered, to persons with relationships with PMC or Cafcalas, and each was transferred without any corresponding consideration. Dkt. 1, ¶¶ 34, 75, 78, 86-87. These allegations weigh strongly in support of a finding that Plaintiff's UVTA claim is sufficiently alleged.

Plaintiff has also advanced a claim for fraudulent conveyance under California common law. Because the necessary elements and available remedies for a fraudulent transfer under common law are the same as under the UVTA, *see Cortez v. Vogt*, 52 Cal. App. 4th 917, 929-930 (1997), the common law claim is adequately pled for the same reasons stated above.

        c)       The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, default judgment is discouraged when the amount of money at stake in the litigation is "too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014); *see also Truong Giang Corp. v. Twinstar Tea Corp.*, No. 06-cv-03594-JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). This factor focuses on the size of the award requested, as "courts are hesitant to enter default judgments where large sums of money are at stake." *Crosthwaite v. Golden Hills Contractors, Inc.*, No. 06-cv-7779-JSW, 2008 WL 4287862, at *3 (N.D. Cal. Aug. 1, 2008). The alleged facts pertaining to damages do not receive the presumption of truth generally applied upon entry of default. *See TeleVideo*, 826 F.2d at 917-18.

Plaintiff seeks a judgment of $866,416,92, based on the value of the five Properties that Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-03167 JAK (PJWx) | Date | February 27, 2018 |
| Title | Lehman Brothers Holdings Inc. v. Gus Cafcalas, et al, | | |

allegedly caused to be fraudulently transferred from PMC, and adjusted to reflect the outstanding amount that remains due under the PMC judgment pursuant to Cal. Civ. Code § 3439.08(b)(1). Although this is a substantial amount, that does not preclude the entry of the requested relief. Rather, courts consider whether the amount at stake is "too large or unreasonable" in the context of the defendant's alleged misconduct. *Vogel*, 992 F. Supp. 2d at 1012; *see also Atlas Mining Group, LLC v. Kelly Holdings, LLC*, No. 16-cv-1899-DOC, 2017 WL 3049566, at *4 (C.D. Cal. March 20, 2017).

Plaintiff has submitted evidence that supports the claim that the value of the five Properties exceeds the remaining debt due on the PMC Judgment. As noted above, the Complaint adequately alleges that the Properties were fraudulently conveyed. The alleged damages are consistent with the prevailing statutory framework. Consequently, this factor weighs in favor of granting the Motion.

                     d)     The Possibility of Dispute Concerning Material Facts

Because default has been entered, all well-pleaded facts as to the defaulting Defendants are taken as true. *See Geddes*, 559 F. 2d at 650; *PepsiCo*, 238 F. Supp. 2d at 1177. The Complaint alleges the following: (i) after the PMC Judgment was entered, the Properties were transferred from PMC to various related individuals and entities; (ii) the defaulting Defendants knew, or should have known, about the PMC Judgment, and the corresponding obligation to Plaintiff; (iii) Cafcalas executed the initial grant deed for the transfer of each of the Properties (*see* Compl., Dkt. 1 ¶¶ 38, 42, 46, 56, 66); (iv) Grossman executed the subsequent transfers of the Bakersfield Property from Maz Call to Lee and of the Sacramento Property from Sal Si Puedes to Lee (*see id.* ¶¶ 51, 60); (v) Maz Call transferred the Bakersfield Property to Lee (*id.*); and (vi) Sal Si Puedes transferred the Sacramento Property to Lee (*id.*).

These facts have been supported by sufficient evidence, *see, e.g.*, Exs. B-G to Compl., Dkt. 1, and none of the defaulting Defendants has offered any competing evidence. Therefore, the possibility of a dispute concerning the material facts has not been shown. *See Atlas Mining*, 2017 WL 3049566, at *4 ("Where a plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is very low."). (citing *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Therefore, this factor weighs in favor of granting the Motion.

                     e)     Whether Default was Due to Excusable Neglect

The issue presented by the sixth *Eitel* factor is whether a party's failure to answer or otherwise respond to a complaint is due to excusable neglect. *See Eitel*, 782 F.2d at 1472. Excusable neglect is an "equitable concept that takes account of factors such as prejudice, the length of delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004) (quoting *TCI Grp. Life. Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (internal quotation marks omitted)).

There has been no showing that the default of any of the parties has been due to excusable neglect. All participated in the earlier litigation. The Complaint was filed on May 9, 2016. Dkt. 1. The Summons and Complaint were served on Cafcalas and Grossman by personal service at their residence. *See* Dkt. 35 at 1. The Summons and Complaint were served on Sal Si Puedes and Maz Call by service on Grossman, who is its agent for service of process. *Id.* at 2-3. Default was entered on August 2, 2016. Dkt. 36. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-03167 JAK (PJWx) | Date | February 27, 2018 |
|---|---|---|---|
| Title | Lehman Brothers Holdings Inc. v. Gus Cafcalas, et al, | | |

temporary stay was entered on September 23, 2016 (Dkt. 44), and lifted on November 15, 2017 (Dkt. 71).[2] The Motion was filed on December 13, 2017. Dkt. 77. During the 18 months that elapsed, Defendants had an opportunity to respond to the Complaint. Therefore, this factor weighs in favor of granting the Motion.

### f) The Strong Policy Favoring Decisions on the Merits

There is a strong policy preference for deciding claims on the merits. *See Eitel*, 782 F.2d at 1472. However, this is not dispositive. Fed. R. Civ. P. 55(b) specifically provides for the entry of a default judgment. *See PepsiCo*, 238 F. Supp. 2d at 1177. Consideration is also given to the non-moving party's failure to participate in the litigation. *See, e.g.*, *id.*; *Federal Home Loan Mortg. Corp. v. Gonzalez*, No. 13-cv-02100-AWI, 2015 WL 2358444, at *4 (E.D. Cal. May 15, 2015); *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014) ("Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible.") (quoting *Kloepping v. Fireman's Fund*, No. 94-cv-2684-TEH, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996)).

The defaulting Defendants have not responded to the Complaint. This failure to participate in the litigation "makes a decision on the merits" as to those defendants "impractical, if not impossible." *Vogel*, 992 F. Supp. 2d at 1013. Therefore, this factor offers limited weight against granting the Motion.

\*     \*     \*

A consideration of the *Eitel* factors as a whole weighs in favor of granting the motion. Issues pertaining to the requested relief are next addressed.

### 3. Certification of Partial Final Judgment

As noted, Lee and Choi have answered the Complaint. Whether a default judgment should be entered as to some, but not all, defendants is addressed by Fed. R. Civ. P. 54(b). It provides that "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). As reflected by this language, Rule 54(b) calls for a careful assessment of the appropriateness of entering partial judgment, particularly where it could result in inconsistent or irreconcilable judgments. Thus, "judgment should not be entered in such scenarios until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: Civil 3D § 2690 (2001).

The Ninth Circuit has addressed this issue. *See First T.D.*, 253 F.3d at 532. There, a bankruptcy trustee filed an action against 132 alleged creditors, asserting that their claims were deficient. Thereafter, 88 of the defendants defaulted. *Id.* at 525. Other defendants litigated the claims and prevailed. *Id.* The Ninth Circuit held that the bankruptcy court abused its discretion by entering default judgments against the 88 defaulting defendants, because this created judgments inconsistent with those entered in favor of the non-defaulting defendants. *Id.* at 531-32. However. *First T.D.* interpreted Rule 54(b) to prohibit the entry

---

[2] During the stay, the parties filed 10 joint status reports relating to the status of the 7207 Action, and whether the stay in this action should be lifted. *See* Dkt. 70.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-03167 JAK (PJWx) | Date | February 27, 2018 |
|---|---|---|---|
| Title | Lehman Brothers Holdings Inc. v. Gus Cafcalas, et al, | | |

of default judgment where several co-defendants have "closely related defenses or are otherwise similarly situated." *Shanghai Automation Instr. Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1006-07 (N.D. Cal. 2001) (describing *First T.D.*). That determination is consistent with the general rule that entry of default judgment under Rule 54(b) may be appropriate where there is no "just reason for delay." *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

There is no just reason for delay in this action. Lee and Choi may continue to litigate the claims advanced against them. However, if the judgment as to the defaulting defendants is entered and enforced, it may be unnecessary for Plaintiff to continue to pursue claims against Lee and Choi. Further, the evidence submitted supports a finding that the transfers of the Properties are voidable under § 3439.04 and § 3439.07(a)(1) of the UVTA. Finally, to the extent either Lee and Choi can establish that she was a good faith transferee of those of the Properties at issue as to either of them, their rights to recover any value transferred to the defaulting Defendants are preserved under § 3439.08(d).[3]

Furthermore, as noted, once payment is made to Plaintiff in satisfaction of the amended PMC Judgment (*see* 7207 Action, Dkt. 423), the claims here would become moot. *See Nat. Union Fire*, 288 Fed. Appx. at 320. The evidence submitted supports the conclusion that entry of default judgment against the defaulting Defendants would increase the likelihood that the PMC Judgment is paid in an efficient manner. This further supports the determination that no just reason for delay exists under Rule 54(b).

    4.    <u>Requested Relief</u>

Plaintiff seeks a money judgment against all of the four defaulting defendants. *See* Dkt. 77 at 20-22. Section 3439.08 of the UVTA provides:

> [T]he creditor may recover judgment for the value of the asset transferred . . . or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against the following: (A) The first transferee of the asset or the person for whose benefit the transfer was made. (B) An immediate or mediate transferee of the first transferee . . . .

Cal Civ. Code § 3439.08(b)(1).

The Complaint does not allege that Cafcalas was a transferee of any of the Properties. Rather, it is alleged that he executed the transfers of the Properties, on behalf of PMC. *Renda v. Nevarez*, 223 Cal. App. 4th 1231, 1238 (2014), affirmed a trial court's ruling that it would not enter a money judgment against a debtor from which properties were allegedly fraudulently conveyed. The analysis there distinguished such relief from money judgments authorized by Section 3439.08(b)(1) against defendants who were transferees to the fraudulently conveyed property. *See id.* at 1235. "[G]ranting Renda an additional judgment against [the debtor] under the UFTA for $450,000, the amount transferred here to avoid paying part of his underlying judgment, would in effect allow him to recover more than the

---

[3] Section 3439.08(d) provides that, "[n]otwithstanding voidability of a transfer or an obligation under this chapter, a good faith transferee or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation," to (i) "A lien on or right to retain an interest in the asset transferred"; (ii) "Enforcement of an obligation incurred"; and (iii) "A reduction in the amount of the liability on the judgment." Cal. Civ. Code § 3439.08(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-03167 JAK (PJWx) | Date | February 27, 2018 |
|---|---|---|---|
| Title | Lehman Brothers Holdings Inc. v. Gus Cafcalas, et al, | | |

underlying judgment, which the [statute] does not allow." *Id.* at 1238 (internal quotation marks omitted).

Cafcalas is not a judgment debtor. Rather, the prior judgment was entered against PMC. Cafcalas is the principal whose actions on behalf of PMC allegedly effected the fraudulent transfers of the Properties. "[T]he principal of a corporate debtor does not become a 'transferee' by the mere act of causing the debtor [to] make a fraudulent transfer." *In re Lucas Dallas, Inc.*, 185 B.R. 801, 809 (9th Cir. B.A.P. 1995). However, § 3439.08(b)(1) also permits as a remedy the entry of a money judgment against "the person for whose benefit the transfer was made." Cal. Civ. Code § 3439.08(b)(1)(A). The statutory definition of a "person for whose benefit the transfer was made" is distinct from a "debtor" or a "transferee." *See In re Bullion Reserve of N.A.*, 922 F.2d 544, 548 (9th Cir. 1991).

*Qwest Commc'ns Corp. v. Weisz*, 278 F. Supp. 2d 1188 (S.D. Cal. 2003) addressed these issues:

> [T]he statute states that judgment may be had against transferees or 'the person for whose benefit the transfer was made.' The two terms 'debtor' and 'person for whose benefit the transfer was made,' are not one and the same. The latter term has broader application. In most cases, the only likely beneficiaries of a fraudulent transfer are the debtor who avoids his creditors and the transferee who receives the assets. That is not so in all cases, however, especially where, as here, the debtor is a corporation. It is a matter of common sense that the majority shareholder of a corporation . . . would stand to benefit if the assets of his failing business were fraudulently transferred to his father . . . .

278 F. Supp. 2d at 1191.

*Qwest* explains that this distinction is consistent with *Lucas Dallas*, which recognized that "the party who forces a debtor to make a transfer is almost always 'the entity for whose benefit such transfer was made,' and thus is generally always subject to [liability]." *Lucas Dallas*, 185 B.R. at 809.

To conclude that Cafcalas was a beneficiary of the fraudulent transfers he executed on behalf of PMC is also consistent with *Renda*. There, a money judgment under the UVTA against a debtor was barred because it would have allowed for double recovery against the debtor. Thus, the original judgment and the later one would each have been entered against the same party in the same amounts. *See Renda*, 223 Cal. App. 4th at 1238. *Renda* distinguished *Qwest*, because "the issue before the court [in *Qwest*] was whether a creditor could obtain a judgment under the UFTA against the majority shareholder of a debtor corporation that had fraudulently transferred corporate assets to the shareholder's father . . . The creditor did not seek a judgment against the debtor corporation." *Id.* at 1237 n.2.

Plaintiff does not seek a duplicative judgment against PMC. Rather, it seeks one against Cafcalas, a principal of PMC who allegedly executed the fraudulent transfers of the Properties from PMC in an attempt to interfere with the collection of the PMC Judgment. Based on the allegations here, Cafcalas is a beneficiary to those transfers. Therefore, the requested judgment against him is appropriate. Any payment on that judgment will be credited against the amount due under the PMC Judgment. Similarly, any payment made under the PMC Judgment will be credited to the judgment entered against Cafcalas. Therefore, there is no risk of double recovery to Plaintiff.

The Complaint does not allege that Grossman is a transferee of any of the Properties or that her conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-03167 JAK (PJWx) | Date | February 27, 2018 |
|---|---|---|---|
| Title | Lehman Brothers Holdings Inc. v. Gus Cafcalas, et al, | | |

effected the initial alleged transfer of any of the Properties. However, the Complaint alleges that she is married to Cafcalas. It also alleges that she and Cafcalas are co-owners of Maz Call and Sal Si Puedes. *See* Compl. ¶¶ 4-6. This allegation is consistent with the showing that Grossman is the agent for service of process for both entities. *See* Dkt. 35. The Complaint also alleges that Grossman effected the re-transfer of certain of the Properties after they were transferred from PMC by Cafcalas. Finally, it is alleged that each Defendant, including Grossman, participated in a conspiracy with PMC fraudulently to transfer the Properties to avoid payment of the amount of the PMC Judgment. *See* Compl. ¶¶ 22, 75, 84. Therefore, it has been sufficiently alleged that Grossman was a "person for whose benefit the transfer was made" under Cal Civ. Code § 3439.08(b)(1)(B)(i). Accordingly, the elements necessary for the entry of a money judgment against Grossman have been shown.

Money judgments are also available against Maz Call and Sal Si Puedes. Each is an intermediate transferee of certain of the Properties, who received them without making any payment. *See* Cal Civ. Code § 3439.08(b)(1)(B)(i).

**IV.   Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED**. A judgment ("Judgment") shall be entered against Cafcalas for $866,416.92, against Grossman for $439,909, against Maz Call for $176,456 and against Sal Si Puedes for $263,453.

Any payment made or collected with respect to the Judgment shall be applied exclusively to the satisfaction of any then remaining balance of the PMC Judgment.

Any amounts that are paid or collected under the PMC Judgment shall be allocated among, and credited against, the amounts due from each of the four debtors of the Judgment based on the source of the payment. Thus, if the source of the payment or collection is the sale of one of the Properties, the amount of that payment or collection shall be credited to the obligation of the person who is a debtor as to the Judgment based on the fraudulent transfer of that specific property.

On or before March 9, 2018, Plaintiff shall lodge a proposed Judgment consistent with its terms.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
|  | Initials of Preparer | ak |